M’Girk, C. J.,
delivered the opinion of the Court.
The firm of Sanguinet & Bright drew two promissory notes in favor of the firm of Neal & Liggett, who endorsed them to Lindell, for the accommodation of Sanguinet *307 & Bright, there being no debt due from Neal & Liggett to Lindell, and no consideration moving from Lindell to Neal &. Liggett.
When these notes became due, one of them, was presented toi Sanguinet & Bright,, and payment being refused, was protested, and notice given to Neal &. Liggett, the endorsers^
Lindell brought his action of assumpsit against Liggett, surviving partner,.containing special counts on the notes, and concluded with the common count, on an account stated.
The defendant pleaded' non-assumpsit and payment.. On the- trial the counts on the notes were stricken out, and the trial proceeded on the third count, upon an account stated. The plaintiff produced his notes, proved, the execution of them, and the endorsements, but failed to prove that the notes,.w-hen due,.were presented to the-makers for payment. And for want of that proof, the- Court decided the plaintiff could not recover; and there was a verdict and judgment against him on both issues..
The plaintiff' brought a.second. suit, declaring specially on the notes, as endorsed notes, and on the trial, proved his case as first above stated;, the defendant having pleaded non-assumpsit, and a former judgment in bar of the same promises- and undertakings, he produced the former record and facts, as to the first trial. The Court gave judgment for the defendant. The point- to be decided is, was the first judgment a bar to the recovery in the second.
The rule of law: is,, that no,man can be twice vexed, for the same cause. The inquiry must be, to ascertain what was the first cause of action. The first recovery was had on an account stated. In order to support this count by evidence, it must appear, that the parties did account together, and that a balance was found to be due from one to the other. Proof of this would be direct proofbut in the absence of this, the law allows of presumptive proof. The point to be proved here, was, that they accounted together.. Lindell offered these notes to prove that;. but they, so far from proving that fact to exist, proved, in connection with some other evidence, that the fact was utterly untrue;. and it is said, because this evidence was offered, the bar must go to the evidence, and not to the fact that they accounted together.
At first, we had some difficulty in the case, but now the question is clear enough.
Suppose a person would declare on a special agreement in assumpsit, and, on the trial, would prove a special agreement, but different from the one declared on, and he should suffer a verdict against him;. would any one contend he could not again proceed on the case, as proved on the former trial ? Yet, in that case, the reason why he failed, would be, that the evidence,went too far.. In this case, the evidence went too far, and showed, the party could not recover on that count. And again: suppose the plaintiff should declare on a-specialty, and it should become necessary to produce it on the trial, and when produced, it should vary from the declaration,, and, for that reason, the verdict should be against him ; would any one contend he could never afterwards use it, because he attempted to use it for a purpose in which it would not bear him out ?
The case at bar, is like these cases; so much so, that we perceive no material distinction ; and one thing we do clearly perceive, which .is, that on these notes, there: never has been a recovery in bar.
Let the judgment be reversed, with costs..